IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MUSUR MONIQUE WALLACE,

    Petitioner,
v.                                    CASE NO. 3:16-cv-113-LC-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 14, Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition"). The Petition stems from Petitioner's 2014 *nolo contendere* plea to failing to register as a sex offender, for which he received a sentence of 4.75 years' imprisonment. Petitioner's sentence was reversed on direct appeal and he was resentenced to time served and released. Respondent filed a response and an appendix with relevant portions of the state-court record. ECF No. 27. Petitioner filed a reply. ECF No. 37. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the

Petition be denied.[1]

## I. State-Court Proceedings

The underlying proceedings are summarized in the First DCA's opinion reversing Petitioner's sentence. *Wallace v. State*, ECF No. 27-1 at 232-35 (Fla. 1st DCA July 18, 2016). An Alabama state court convicted Petitioner of lewd or lascivious battery in 1999. Under Alabama law, Petitioner was required to register as a sex offender biannually with local law enforcement. Petitioner did so until 2006, when he pled guilty in Alabama for failing to register and received a suspended sentence and two years' probation. Petitioner subsequently moved to Okaloosa County, Florida, where he was also subject to sex offender registration requirements. Petitioner failed to register a second time, and pled guilty to violating the Florida statutory registration requirement in 2014. The trial court determined that it did not have the discretion to depart from Petitioner's state guideline sentence of 4.75 months. Petitioner successfully appealed, and upon remand he was resentenced to time served and released. *Id.*; ECF No. 27-1 at 239.

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

While Petitioner's direct appeal was pending, he filed the instant federal habeas corpus petition. ECF No. 1. He subsequently filed an amended petition, ECF No. 14. In the amended petition, Petitioner avers that he sought postconviction relief from his underlying sexual battery conviction in Alabama state courts. He also avers that he filed a Fla. R. Crim. P. 3.800(B)(2) Motion for Reconsideration of his sentence on December 17, 2015. That motion was dismissed as a nullity because Petitioner's case was pending on direct appeal when it was filed. Petitioner did not appeal the dismissal of his motion. ECF No. 14 at 4.

Petitioner first contends that he is entitled to federal habeas corpus relief because an Alabama court granted him relief from that state's registration requirement in 2016 under the Alabama "Romeo and Juliet" law. In his second claim, Petitioner appears to assert that the Florida registration requirements are inapplicable to him. In his third claim, Petitioner contends that the Florida registration statute is unconstitutional. In his fourth claim, Petitioner appears to contend that his Alabama conviction should not have been used to prove he was required to register in Florida because he was a youthful offender. For his fifth claim, Petitioner contends that he was not required to seek Fla. R. Crim. P. 3.850

relief from his conviction prior to filing the instant federal habeas corpus petition because the Alabama court granted him relief in 2016. ECF No. 14.

## II.  Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted.

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  Standard of Review

For claims that are properly exhausted, the AEDPA imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a

case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

By entering a voluntary plea, a defendant waives several rights,

including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims that do not attack the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

## IV. Discussion

### A. Validity of Plea and Waiver of Claims

Petitioner does not challenge the validity of his guilty plea, and points to no evidence in the record from which this Court could conclude that his plea was anything but freely, knowingly, and voluntarily entered. The Court has nevertheless undertaken review of Petitioner's plea colloquy, in view of Petitioner's *pro se* status and in an abundance of caution.

The information in Petitioner's case charged that between August 1, 2014, and August 31, 2014, Petitioner, a Sexual Offender as defined by Fla. Stat. § 943.0435(1)(a), unlawfully failed to report and re-register in

violation of Fla. Stat. § 943.0435(14). ECF No. 27-1 at 28. The probable cause affidavit in support of the arrest warrant states that Petitioner was a registered sexual offender in the State of Florida. Petitioner was convicted of second degree rape in Alabama in 1999, and therefore was required to register as a sexual offender in Florida. Petitioner had signed no fewer than 10 FDLE registration forms affirming that he understood the registration requirements, which provide for in-person reporting bi-annually and for providing information on all vehicles owned. Petitioner had not reported to the Okaloosa Sheriff's Office as of May 2014. Law enforcement officials were unable to contact Petitioner by phone. During surveillance at Petitioner's address, a Nissan sedan registered to Petitioner was observed. Petitioner failed to report the vehicle to the Sheriff's office. Based on these facts, it was alleged that Petitioner wantonly disregarded his reporting and registration requirements. ECF No. 27-1 at 23-24.

Petitioner executed a plea agreement on April 21, 2015, providing for a "plea straight up to the court with no caps" on his sentence. In the agreement, Petitioner certified under penalty of perjury that he understood the charges against him, that his attorney had explained all of his rights to him, and that he was satisfied with his attorney's advice and services. Petitioner agreed that he understood he was waiving his rights to plead not

guilty, to a jury trial, to compel witnesses' testimony, to be present during such testimony, to cross-examine witnesses, to remain silent, to present any and all defenses, and to appeal the issue of his guilt or innocence. The plea agreement provided that the probable cause affidavit was incorporated by reference as a factual basis for the plea. ECF No. 27-1 at 34-37.

During the plea colloquy, Petitioner confirmed under oath that he was not under the influence of any drug, alcohol, or medication, and did not suffer from any mental or emotional disturbance. Petitioner testified that he attained an advanced diploma in high school, an associate's degree, and was working on a bachelor's degree. Petitioner affirmed that he read and understood the plea agreement, and that he had discussed it with his attorney. Petitioner testified that his attorney answered all of his questions and he was satisfied with her representation. Petitioner affirmed that he understood he could be sentenced to the maximum of five years in prison, that he was waiving his right to a jury trial, and that it was in his best interest to enter the plea. He testified that he was entering the plea freely and voluntarily, and no one had promised him anything for doing so. The court found that Petitioner was alert and intelligent, that his plea was freely and voluntarily entered, that he understood the nature of the charges, and

he was represented by competent counsel. The court found that there was a factual basis for accepting the plea. ECF No. 27-1 at 181-89.

On this record, the validity of the plea is not open to challenge. The trial court made specific factual findings that the plea was freely, knowingly, and voluntarily entered and that there was a factual basis to support the plea. The state court's findings as to the validity of plea must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1). Accordingly, Petitioner's plea forecloses federal habeas review of alleged constitutional errors preceding the entry of the plea, including the claims asserted in the amended petition that do not attack the voluntariness of the plea. *See Tollett*, 411 U.S. at 266-67; *Wilson*, 962 F.2d at 997; *Smith*, 711 F.2d at 682.

### B. Exhaustion and Actual Innocence

Petitioner's claims are foreclosed for an additional reason: as the Respondent contends, Petitioner's claims are unexhausted and procedurally defaulted. None of the four substantive claims asserted in the amended petition were presented in any form to the state court either on direct or collateral review. The sole issue asserted in his direct appeal concerned the trial court's sentencing discretion, an issue that is not raised

in this Court. Petitioner's fifth claim contends that he was not required to assert his claims by way of a state postconviction motion pursuant to Fla. R. Crim. P. 3.850, but he is incorrect; that is precisely the purpose of the exhaustion requirement. Habeas petitioners must "fairly present" their federal claims in each appropriate state court, thereby affording the state courts the first opportunity to address and correct alleged violations of federal constitutional rights. *See Baldwin*, 541 U.S. at 29. Although Petitioner is not necessarily time-barred from now pursuing a Rule 3.850 motion in state court, the claims asserted in his federal petition are plainly procedurally defaulted for purposes of state postconviction review because they are matters that could have been raised on direct appeal. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on groudns that could have or shold hve been raised at trial and . . . on direct appeal of the judgment and sentence.").

To the extent that the amended petition could be construed as asserting a claim of actual innocence in order to overcome the procedural default, such a claim fails. "Innocence" in this context means actual, factual innocence, not mere legal insufficieny. Thus, in the context of a habeas claim, to establish "actual innocence," Petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is

more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Even if, as Petitioner contends, he obtained relief from the Alabama reporting requirement in 2016, such evidence falls far short of establishing that at the time of the 2014 offense in this case he was actually innocent of failing to report under Florida law, particularly in view of Plaintiff's sworn admissions in his guilty plea that he was aware he was subject to the requirement and nevertheless violated the state law.

For the foregoing reasons, the Petition should be denied.

## V.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 14) should be **DENIED** and a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 29th day of June 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.